SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB# 24060371**
Assistant United States Attorney
pamela.paaso@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00030-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ASHLYN JOHNSON,** | |
| **Defendant.** | |

### Introduction

Defendant Ashlyn Johnson, consumed alcohol, blacking out while bathing a seventeen-month-old child, resulting in the child's drowning. Pursuant to the plea agreement, the government recommends that the Court impose a sentence of twelve months' and one day imprisonment, a three-year term of supervised release and a $100 special assessment.

### Factual Background

### A.    The Offense Conduct

On December 19, 2024, Warm Springs Police (WSPD) responded to a 911 call requesting medical assistance for an unresponsive child at a residence on the Warm Springs

**Government's Sentencing Memorandum**                                                      **Page 1**

Indian Reservation. A family member and responding officers attempted to revive the child by performing CPR. These attempts were unsuccessful, and MV1 was pronounced deceased at St. Charles Hospital in Madras. MV1 was transported to Portland where an autopsy was performed. An Oregon Medical Examiner autopsy report identified the cause of death as Asphyxia-Drowning.

Defendant, an enrolled member of the Confederated Tribes of the Warm Springs, acknowledged leaving MVl unattended in the bathtub. Officers saw a half-full bottle of vodka in the bathroom when they arrived. Hours later, defendant provided a statement to police and admitted to drinking alcohol prior to and while bathing MVl. Defendant stated that she believed she blacked out and left MVl alone in the tub and returned to her room to lay down.

### B.    The Charges

Defendant was charged in a single-count indictment with involuntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153.

### C.    The Plea Agreement & Guideline Computations

On March 31, 2026, defendant entered a guilty plea. Pursuant to the plea agreement, the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility, as well as an additional adjustment for defendant's early willingness to refrain from additional litigation and other mitigation pursuant to 18 U.S.C. § 3553. The government agrees with the guideline calculations in the Presentence Report.

### Government's Recommended Sentence

Defendant's actions had tragic consequences that cannot be understated. The impact of the death of MV1 extended through defendant's family and the broader community, including

**Government's Sentencing Memorandum**                                                    **Page 2**

responding law enforcement. To her credit, defendant engaged in Court Assisted Pretrial Supervision and successfully completed an intensive outpatient program. On balance, the serious nature of this offense, defendant's history and pretrial performance warrant a prison sentence.

A sentence of twelve months and a day followed by post-prison supervision is sufficient but not greater than necessary to hold defendant accountable for her actions, promote rehabilitation and deter future criminal conduct. The government supports the mandatory, standard and special conditions of supervision recommended by the Probation Office.

**Victim Impact**

The government has not received any victim impact statements. The government will provide any statement it receives to the Court and defense. The government's sentencing recommendation in this case is set forth in the plea agreement.  To the extent any information or recommendation in a Victim Impact Statement (VIS) is not in accordance with the government's promises in the plea agreement, the government does not adopt that portion of the VIS. The government is not requesting restitution.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of twelve months and one day, followed by a three-year term of supervised release, subject to the standard and special conditions, and a special assessment in the amount of $100.

Dated: July 22, 2026                          Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Pamela Paaso*
PAMELA PAASO
Assistant United States Attorney

**Government's Sentencing Memorandum**                          **Page 3**